**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

DEANDRE FRANKLIN SMITH,        )
                               )
                Petitioner,        )
                               )
v.                             )        **Case No. 05-CV-0151-CVE-PJC**
                               )
CHARLES RAY,                   )
                               )
                Respondent.        )

<u>OPINION AND ORDER</u>

This is a 28 U.S.C. § 2254 habeas corpus action.  Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response to the motion (Dkt. # 11).  Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposed a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss shall be granted.

*BACKGROUND*

On September 27, 2002, Petitioner was convicted after a bench trial of Trafficking in Illegal Drugs, After Former Conviction of a Felony ("AFCF") (Count 1); Failure to Obtain Drug Stamp, AFCF (Count 2); Assault and Battery Upon a Police Officer, AFCF (Count 3); and Speeding (Count 4), in Tulsa County District Court, Case No. CF-2002-2102. <u>See</u> Dkt. # 10, Ex. 2.  He was sentenced to twenty-five (25) years imprisonment and a fine of $25,000 (Count 1); ten (10) years imprisonment and a fine of $500 (Count 2); five (5) years imprisonment and a fine of $500 (Count 3); and a fine of $25 (Count 4), with sentences for Counts 1, 2, and 3 to be served concurrently.  <u>See</u> <u>id.</u>  Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA") where, on August 25, 2003, his

Judgment and Sentence was affirmed (Dkt. # 10, Ex. 1). Nothing in the record indicates Petitioner

sought *certiorari* review in the United States Supreme Court.

On August 2, 2004, Petitioner filed an application for post-conviction relief in the state

district court. See Dkt. # 10, Ex. 2. The district court for Tulsa County denied post-conviction relief

by order filed September 8, 2004. See id.  Petitioner appealed the district court's Order to the OCCA

in Case No. PC-2004-1068. See Dkt. # 10, Ex. 3.  On November 8, 2004, the OCCA declined

jurisdiction and dismissed the appeal as untimely. (Dkt. # 10, Ex. 3).

The Clerk of Court received the instant federal petition for writ of habeas corpus for filing

on March 18, 2005. (Dkt. # 1).  Petitioner executed the Declaration Under Penalty of Perjury on

March 4, 2005.  See Dkt. # 1 at 8.

### *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas

corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D).  In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Application of the provisions of § 2244(d) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period.  Petitioner's conviction became final on November 23, 2003, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on November 23, 2003, and, absent a tolling event, a federal petition for writ of habeas corpus filed after November 23, 2004, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts.  On August 2, 2004, Petitioner properly filed an application for post-conviction relief.  The application was filed 113 days prior to the November 23, 2004, deadline. Pursuant to § 2244(d)(2), the limitations clock stopped running on August 2, 2004, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding. The district court denied Petitioner's request for post-conviction relief by order filed September 8, 2004.  On November 8, 2004, the OCCA declined jurisdiction and dismissed the appeal as untimely based on

3

Petitioner's failure to follow proper state court procedures.  Because the OCCA declined jurisdiction based on Petitioner's untimely filing, the appeal was not "properly filed" as required by § 2244(d)(2) and the limitations period was not tolled during the time Petitioner pursued his post-conviction appeal.  28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226-27 n. 4 (10th Cir. 1998).  Therefore, the limitations clock began to run again thirty (30) days after the state district court denied post-conviction relief, or on October 8, 2004.  See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) (holding that the limitations period is tolled for the thirty days during which a petitioner could have filed a timely appeal of the state court's denial of an application for post-conviction relief).  Petitioner had to file his habeas petition in this Court within 113 days of October 8, 2004, or by January 29, 2005,[1] to be timely.

In his response to the motion to dismiss, Petitioner argues that this Court should consider his post-conviction proceedings to have been "pending" until the OCCA dismissed his post-conviction appeal.  See Dkt. # 11.  He also asserts that he gave his application for post-conviction relief to prison officials for mailing on July 23, 2004, and that pursuant to the prisoner mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), his application for post-conviction relief should be considered filed as of that date.  As a result, he argues that pursuant to § 2244(d)(2), his limitations period should be tolled from July 23, 2004, when he allegedly gave his application to prison officials for mailing, until November 8, 2004, when the OCCA dismissed his post-conviction appeal.  Using those dates, Petitioner calculates that his petition, hand-delivered to prison officials on March 4, 2005, was timely filed.  See Dkt. # 11.

---

[1] January 29, 2005, was a Saturday.  Pursuant to Fed. R. Civ. P. 6(a), Petitioner's deadline for filing his petition for writ of habeas corpus would be the next business day, or Monday, January 31, 2005.

4

The Court disagrees with Petitioner.  In Barnett v. Lemaster, 167 F.3d 1321 (10th Cir. 1999), the Tenth Circuit Court of Appeals specifically addressed the federal-law definition of "pending" as it relates to application of the tolling provisions of § 2244(d)(2) and held that the term "encompass[es] all of the time during which a state prisoner is attempting, *through proper use of state court procedures*, to exhaust state court remedies with regard to a particular post-conviction application."  Id. at 1323 (emphasis added).  Based on that definition, the Court rejects Petitioner's tolling argument.  As discussed above, Petitioner failed to follow proper state court procedures for perfecting his post-conviction appeal.  Therefore, he is not entitled to tolling of the limitations period for the time between October 8, 2004, the deadline for perfecting a timely post-conviction appeal, and November 8, 2004, the date the OCCA dismissed the post-conviction appeal as untimely.  Cf. Gibson, 232 F.3d at 804.

Petitioner also argues that based on application of the prisoner mailbox rule, see Houston v. Lack, 487 U.S. 266 (1988), his application for post-conviction relief should have been considered filed as of July 23, 2004, the date Petitioner alleges he gave the application to prison officials for mailing.  The OCCA, however, has specifically held that the term "filed" as found in Oklahoma's Uniform Post Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1081, et seq., means when a properly verified application for post-conviction relief is delivered to the proper district court clerk for the purpose of filing.  Moore v. Gibson, 27 P.3d 483 (Okla. Crim. App. 2001) (refusing to apply the mailbox rule to state post-conviction filings).  Therefore, under Oklahoma law, the application for post-conviction relief was not "filed" until it was received by the clerk of the state district court.  The record reflects that the application for post-conviction relief was filed with the state district court

on August 2, 2004.  Based on <u>Moore</u>, the Court finds Petitioner is not entitled to additional tolling for the period from July 23, 2004, to August 2, 2004.  <u>See</u> <u>Moore</u>, 27 P.3d at 488.

Although the OCCA does not recognize the prisoner mailbox rule for the filing of post-conviction pleadings in the state courts, this Court does apply the rule to the filing of pleadings, including a petition for writ of habeas corpus, by prisoners in the federal courts.  <u>See</u> <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1227 n.3 (10th Cir. 1998); <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988).  However, application of the "federal prisoner mailbox rule" does not save this petition.  Petitioner executed the "Declaration Under Penalty of Perjury" contained in his petition on March 4, 2005.  Although the log for "out-going legal mail" reflecting the date Petitioner gave his federal petition to prison officials for mailing is not a part of the record, the Court finds that the earliest possible date that Petitioner could have given his petition to prison officials was March 4, 2005, or approximately thirty-two (32) days beyond the deadline.  Thus, even crediting Petitioner with the date reflected on the "Declaration Under Penalty of Perjury," March 4, 2005, this petition was filed beyond the deadline and is untimely.

Petitioner also seeks equitable tolling of the limitations period because he claims he has diligently pursued his federal habeas claims.  In the Affidavit attached to the response, Petitioner asserts that he has had to "endure unforeseeable facility lockdowns, shakedowns, library closings, and equipment failure," and that, as a result, his petition should be considered timely.  <u>See</u> Dkt. # 11, attached Affidavit.  The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling.  <u>See</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th

Cir.1998).  The Tenth Circuit Court of Appeals has "limited equitable tolling of the one-year limitations period to 'rare and exceptional' circumstances."  Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).  "Therefore, [e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."  Id.  In this case, Petitioner offers no explanation for his delay of nearly one full year, from the conclusion of his direct appeal, in seeking post-conviction relief.  Furthermore, the prison conditions cited by Petitioner are not "rare and exceptional" circumstances entitling him to equitable tolling.  The Court concludes that Petitioner did not diligently pursue his claims and for that reason, he is not entitled to equitable tolling of the limitations period.  The petition shall be dismissed as barred by the statute of limitations.

## *CONCLUSION*

Petitioner failed to file his petition within the one-year limitations period.  Therefore, the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A separate Judgment shall be entered in this case.

**IT IS SO ORDERED** this 1st day of February, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

7